**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARUF YINUSA, | Case No. 1:13-cv-01874 |
| Plaintiff, | |
| v. | Judge Joan H. Lefkow |
| NORTHSHORE UNIVERSITY HEALTHSYSTEM, | Magistrate Judge Mary M. Rowland |
| Defendant. | |

## DEFENDANT'S ANSWER TO COMPLAINT OF EMPLOYMENT DISCRIMINATION AND AFFIRMATIVE DEFENSES

Defendant, NORTHSHORE UNIVERSITY HEALTHSYSTEM ("Defendant" or

NorthShore"), by and through its attorneys, Seyfarth Shaw LLP, and for its Answer to Complaint

of Employment Discrimination and Affirmative Defenses, states as follows:

**COMPLAINT ¶1:**

This is an action for employment discrimination.

**ANSWER:**

Defendant admits that Plaintiff Maruf Yinusa ("Plaintiff") has filed an employment

discrimination action against it. To the extent further allegations remain to be answered in

Paragraph No. 1, Defendant denies them.

**COMPLAINT ¶2:**

The plaintiff is Maruf Yinusa of the county of Cook in the state of Illinois.

**ANSWER:**

On information and belief, Defendant admits the allegations in Paragraph No. 2.

**COMPLAINT ¶3:**

The defendant is Northshore University Healthsystem, whose street address is 2650 Ridge Ave., Evanston, Illinois 60201, Evanston, Cook, Illinois 60201, (847) 570-2000.

**ANSWER:**

Defendant admits that the address and telephone number contained in Paragraph No. 3 are for its Evanston, Illinois hospital location. To the extent further allegations remain to be answered in Paragraph No. 3, Defendant denies them.

**COMPLAINT ¶4:**

The plaintiff sought employment or was employed by the defendant at 2650 Ridge Ave, Evanston, Cook, Illinois 60201.

**ANSWER:**

Defendant admits the allegations in Paragraph No. 4.

**COMPLAINT ¶5:**

The plaintiff was employed but is no longer employed by the defendant.

**ANSWER:**

Defendant admits the allegations in Paragraph No. 5.

**COMPLAINT ¶6:**

The defendant discriminated against the plaintiff on or about, or beginning on or about, June 2012.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 6.

**COMPLAINT ¶7:**

(a)    The defendant is not a federal governmental agency, and the plaintiff has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies: the United States Equal Employment Opportunity Commission, on or about August 16, 2012.

(b)    If charges *were* filed with an agency indicated above, a copy of the charge is attached.

2

**ANSWER:**

Defendant admits that it is not a federal governmental agency, that Plaintiff filed a charge

of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on

August 16, 2012 against Defendant asserting some of the acts of discrimination indicated in his

complaint.  Defendant further admits that Plaintiff attached a copy of his August 16, 2012 EEOC

charge of discrimination to his complaint.  To the extent further allegations remain to be

answered in Paragraph No. 7, Defendant denies them.

**COMPLAINT ¶8:**

The United States Equal Employment Opportunity Commission has issued a *Notice of
Right to Sue*, which was received by the plaintiff on _____ __, 20__, a copy of which
*Notice* is attached to this complaint.

**ANSWER:**

Defendant admits that the EEOC issued a Dismissal and Notice of Rights letter to

Plaintiff on December 11, 2012 and that Plaintiff attached a copy of same to his complaint.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in Paragraph No. 8 and, therefore, denies them.

**COMPLAINT ¶9:**

The defendant discriminated against the plaintiff because of the plaintiff's:

(a)     Age;

(b)     Color;

(c)     National Origin;

(d)     Race;

(e)     Sex.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 9.

**COMPLAINT ¶10:**

If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

**ANSWER:**

Defendant denies the allegations in Paragraph No. 10, as Defendant is not a state, county,

municipal or other local governmental agency.

**COMPLAINT ¶11:**

Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and 42 U.S.C. § 2000e-5(f)(3); for 42 U.S.C. § 1981 and § 1983 by 42 U.S.C. § 1988; for the A.D.E.A. by 42 U.S.C. § 12117; for the Rehabilitation Act, 29 U.S.C. § 791.

**ANSWER:**

Defendant admits that based on the age, color, national origin, and race discrimination

claims Plaintiff has alleged in Paragraph No. 9, this Court has jurisdiction over the subject matter

of those claims pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), 42 U.S.C. § 2000e-5(f)(3),

42 U.S.C. § 1988 and 42 U.S.C. § 12117. Defendant denies the remaining allegations in

Paragraph No. 11.

**COMPLAINT ¶12:**

The defendant failed to promote the plaintiff and retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 12.

**COMPLAINT ¶13:**

The facts supporting the plaintiff's claim of discrimination are as follows:

I believe I have been discriminated against because of my race, Black, my sex, Male, my national origin, Nigeria, and in retaliation for engaging in protected

4

activity.  I also believe I have been discriminated against because of my age, 44 years, DOB June 20, 1968.

**ANSWER:**

On information and belief, Defendant admits that Plaintiff is forty-four years old and his date of birth is June 20, 1968.  Defendant lacks knowledge or information sufficient to form a belief as to what Plaintiff believes and, therefore, denies the remaining allegations in Paragraph No. 13.  By further answer, Defendant did not engage in any discriminatory or retaliatory conduct toward Plaintiff.

**COMPLAINT ¶14:**

Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 14.

**COMPLAINT ¶15:**

The plaintiff demands that the case be tried by a jury.

**ANSWER:**

Defendant admits that Plaintiff has made a jury demand.  To the extent further allegations remain to be answered in Paragraph No. 15, Defendant denies them.

**COMPLAINT ¶16:**

THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff:

(a)     Direct the defendant to re-employ the plaintiff.

(b)     Directed the defendant to promote the plaintiff.

(c)     If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

**ANSWER:**

Defendant admits that Plaintiff has asked the Court to grant him the relief indicated in Paragraph No. 16 but denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred to the extent that they occurred and/or accrued outside of the applicable statute of limitations.

### Third Affirmative Defense

Plaintiff's claims are barred to the extent he failed to follow the administrative prerequisites to filing this lawsuit and/or makes claims that are outside of the scope of the administrative charge he filed.

### Fourth Affirmative Defense

To the extent Plaintiff alleges that he experienced any harassing or intimidating behavior as an employee of NorthShore, Plaintiff's claims are barred because NorthShore exercised reasonable care to prevent and promptly correct any such behavior and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities or otherwise avoid harm.

### Fifth Affirmative Defense

Plaintiff's claims are barred to the extent he failed to mitigate his damages.

### Sixth Affirmative Defense

Plaintiff is not entitled to punitive damages because NorthShore has made good faith efforts to comply with Title VII and Section 1981.

## Reservation of Rights

Defendant reserves its right to amend its answer and to assert any additional affirmative

defenses as may become available or apparent at a future date.

**DATED: April 9, 2013**                    Respectfully submitted,

                                            NORTHSHORE UNIVERSITY
                                            HEALTHSYSTEM


                                            By:/s Aleka L. Jones
                                                One of Its Attorneys

Ronald L. Lipinski (rlipinski@seyfarth.com)
Aleka L. Jones (ajones@seyfarth.com)
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois  60603
Telephone:     (312) 460-5000
Facsimile:     (312) 460-7000

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned attorney hereby certifies that she caused a copy of the foregoing

DEFENDANT'S ANSWER TO COMPLAINT OF EMPLOYMENT DISCRIMINATION AND AFFIRMATIVE

DEFENSES to be filed with the Court via the CM/ECF system and to be served, upon the

following, on this 9th day of April, 2013:

> Maruf Yinusa
> 6910 N. Sheridan Road, #401
> Chicago, IL 60626
> E-mail Address: <u>olayunus2@yahoo.com</u>


> <u>s/ Aleka L. Jones</u>
> Aleka L. Jones